## Case No. 1,448.

BISSELL et al. v. HORTON.

[1 Brunner, Col. Cas. 53;[1] 3 Day, 281.]

Circuit Court, D. Connecticut. 1808.

COURTS—JURISDICTION—CITIZENSHIP—WHAT CONSTITUTES.

In an action for ejectment of lands in Connecticut, of which the defendant had disseised the plaintiff eighteen months before, and continued in possession, part of the plaintiffs were described as citizens of Vermont, and part as citizens of Connecticut, and the defendant was described as a citizen of New York, dwelling in Connecticut. *Held,* that the plaintiffs were not citizens of Vermont, nor the defendant a citizen of New York, within the constitution and laws of the United States, and that the cause, therefore, was not within the jurisdiction of this court.

At law. This was an action of ejectment for lands in Hebron, in the state of Connecticut, alleging that the defendant ousted the plaintiffs of the demanded premises eighteen months before the commencement of the action, and had ever since remained in possession.

Dana and Gilbert, of counsel for the defendant, moved to erase this cause from the docket on the ground that from the description of the parties it did not appear to be within the jurisdiction of the court. The plaintiffs were described thus: "Benjamin Bissell, late of Hebron, in the county of Tolland, in the state of Connecticut, now of Saint Johnsbury, in the county of Caledonia, in the state of Vermont, a citizen of the state of Vermont, Abel Bissell, Hezekiah Bissell, Elijah House, Francis Norton, John Thompson Peters of said Hebron, and Asa Willey, late of said Hebron, now of Ellington, in the county of Tolland aforesaid, citizens of the state of Connecticut." The defendant was described as follows: "Elihu Horton of Greenfield, in the county of Saratoga, in the state New York, a citizen of the state of New York, now dwelling in said Hebron." To support the jurisdiction it ought to appear either that the plaintiffs are citizens of Vermont and the defendant a citizen of Connecticut, or that the plaintiffs are citizens of Connecticut and the defendant a citizen of New York. The first part of the alternative is not true, for all the plaintiffs except one are described as residing in Connecticut, and are averred to be citizens of Connecticut. The second part of the alternative is equally groundless, for it is averred that the defendant is now dwelling in Hebron, in this state.

J. T. Peters, contra, insisted that as the defendant was expressly averred to be a citizen of New York, he must be so considered, notwithstanding his residence in Hebron at the time of commencing the suit. He might be transiently dwelling there, without any determination to remain there permanently. It will be admitted that he is still a citizen of

New York, unless he has become a citizen of Connecticut; but a transient residence here will not make him such. The word "citizens," within the intent and meaning of the constitution and laws of the United States, in regard to this subject, has reference to such persons only as have the rights of freemen, and are eligible to civil offices, within the district where they dwell. But it does not appear that the defendant has any such rights and qualifications in this state.

LIVINGSTON, Circuit Justice. The rights of suffrage and eligibility to office are of no weight in the decision of this point, it is to be determined on other grounds. The plaintiffs are partly in Vermont and partly in Connecticut. They are not, therefore, citizens of Vermont within the constitution and laws of the United States. With regard to the defendant it is admitted that he now resides in Connecticut, and has resided here during the time in which he has been in possession of the demanded premises, which clearly evinces a determination in him to remain here permanently.

PER CURIAM. Let the cause be erased from the docket.

NOTE [from original report]. Jurisdiction—Citizenship Essential to. See Piquet v. Swan [Case No. 11,134], criticizing case in text; Case of Sewing Machine Co., 18 Wall. [85 U. S.] 580, citing the same.